

# THE ATTORNEY GENERAL
## OF TEXAS

October 19, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Mr. Joseph C. Gagen
Chairman
Texas Industrial Accident
   Board
1st Floor, 200 E. Riverside
Austin, Texas   78704

Opinion No.  JM-966

Re: Authority of the Industrial Accident Board to permit Texas Rehabilitation Commission employees to review confidential worker claim files to assist the board  (RQ-1444)

Dear Mr. Gagen:

You ask whether the Texas Industrial Accident Board may allow Texas Rehabilitation Commission employees to review workers' confidential claim files to assist the board in identifying injured workers who may be eligible for vocational rehabilitation services from the commission.

Section 7 of article 8306, V.T.C.S., requires the board to notify the Texas Rehabilitation Commission (TRC) about injured workers who might benefit from vocational rehabilitation:

> Upon receipt thereof, the Board shall promptly analyze each notice of injury incurred by an injured employee covered under this law. <u>If the Board concludes that vocational rehabilitation is indicated in any such case, it immediately shall take the necessary steps to inform the injured employee of the services and facilities available to him under the Texas Rehabilitation Commission and the Board immediately shall notify said Commission of such case.</u> . . . The Board shall co-operate with said Texas Rehabilitation Commission with reference to the work of said Commission in providing said services and facilities to injured employees covered under the provisions of this law. . . . (Emphasis added.)

V.T.C.S. art. 8306, § 7.

At present, board employees review claims to identify claimants who appear to be eligible for TRC services. These persons are notified by mail of the available services and encouraged to contact the commission. The Rehabilitation Commission is sent a copy of the letter and thereby learns the claimant's name, address, and file number.

You state that both agencies would like to increase referrals and that review of claimants' files by TRC employees would permit more accurate identification of persons eligible for TRC's services, and would shift the burden of initiating contact from the claimant to the commission. The workers' claim files are, however, covered by the confidentiality provision of article 8307, section 9a, V.T.C.S., and you are concerned that this provision would prevent TRC employees from reviewing the claim files.

Section 9a of article 8307, V.T.C.S., provides in part:

(a) Information in a worker's claim file is confidential and may not be disclosed except as provided in this section.

(b) If there is a workers' compensation claim for the named claimant open or pending before the Industrial Accident Board or . . . [other circumstances not relevant] at the time a record search or request for information is presented to the Board, the information shall be furnished as provided in this section. . . . The Board will furnish the requested information or a record check only to the following:

(1) the claimant;

(2) the attorney for the claimant;

(3) the carrier;

(4) the employer at the time of the current injury;

(5) third-party litigants;

(6) the State Board of Insurance; or

(7) the Texas Department of Human Services.

. . . .

> (c) All information of the Industrial
> Accident Board concerning any person who has
> been finally adjudicated to be a fraudulent
> claimant . . . is not confidential . . . .

V.T.C.S. art. 8307, § 9a.

This confidentiality provision was addressed in Attorney General Opinion MW-202 (1980). That opinion considered whether section 9a of article 8307, V.T.C.S., barred the Industrial Accident Board from releasing information in workers' claim files to certain federal and state agencies not listed under section 9a(b) as entities expressly authorized to receive it. The opinion stated that "[t]he initial provisions of section 9a clearly limit claim file information to certain persons and state agencies only . . . ." Attorney General Opinion MW-202 at 2 (1980). There were no paramount federal laws which required such information to be released to the federal agencies seeking it, nor any state laws which required its release to the state agencies. The opinion refused to broaden the access provisions of section 9a despite arguments that this construction would be consistent with the policy underlying the confidentiality provision.

We conclude, based on the plain language of section 9a and on the reasoning and conclusion of Attorney General Opinion MW-202, that the Industrial Accident Board may not permit employees of the Texas Rehabilitation Commission to review workers' claim files. The board's duty to cooperate with the Rehabilitation Commission under section 7 of article 8306 can be carried out after the injured worker becomes a client of the commission, for example, in the provision of medical care relevant to the individual's vocational rehabilitation. See V.T.C.S. 8306, § 7 (association shall furnish treatments necessary to restore employee's physical capacity or to relieve pain, but not for any other phase of vocational rehabilitation); Hum. Res. Code §§ 111.052(b)(1) (authority of TRC to cooperate with other agencies); 111.051(b)(6) (authority of TRC to contract with health care providers for physical restoration and other rehabilitation services). The board's duty to cooperate with TRC is not in conflict with its duty to maintain the confidentiality of claim files in accordance with section 9a of article 8307, V.T.C.S. Section 7 of article 8306, V.T.C.S., does not provide a basis for finding an implied exception in favor of TRC to the section 9a confidentiality provision.

## S U M M A R Y

Section 9a of article 8307, V.T.C.S., prohibits the Industrial Accident Board from disclosing confidential worker claim files to employees of the Texas Rehabilitation Commission.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General